OPINION and JOURNAL ENTRY
On February 23, 1999 pro-se Petitioner filed a combined Petition for Writ of Habeas Corpus and Mandamus against Respondent, a supervisor of the adult parole authority, asserting an unlawful detention of Petitioner.
It may be gleaned from the petition that Petitioner has been charged as a parole violator and was being detained at the Mahoning County Justice Center. Petitioner asserts entitlement to treatment in accordance with federal and state law as a disabled person because he suffers from epileptic seizures. Petitioner cites to sections of R.C. 2305.41 et seq., the Uniform Duties to Disabled Persons Act, that imposes on law enforcement officers a duty to make a diligent effort to determine whether a disabled person he finds is diabetic or epileptic and whenever feasible, make the effort to determine such condition before charging the person with the crime. In the Respondent's motion to dismiss filed May 19, 1999 it is stated that Petitioner was charged with two counts of aggravated assault on a peace officer and one count of resisting arrest, under criminal case number 98 CR 247. Apparently, Petitioner asserts that his medical condition excuses his conduct and he is entitled to be released from custody.
An examination of the Clerk's docket record for case number 98 CR 247 reveals that there has yet to be a trial on those charges (many continuances during the past year), but that the trial court had ordered Petitioner's release on his own recognizance as to those charges. It may be further gleaned from information provided by the office of the Ohio Attorney General that Petitioner is presently incarcerated at the Noble Correctional Institution. (Ohio Attorney General's Motion to Dismiss filed March 27, 2000)
On May 19, 1999 Respondent filed a Motion to Dismiss asserting that Petitioner failed to name the correct Respondent and that he failed to attach copies of his commitment papers as required by R.C. 2725.04(D). Moreover, Petitioner has failed to provide a detailed list of all civil lawsuits he filed in the last five years as required by R.C. 2969.25.
 DECISION
Application for a writ of habeas corpus is provided for under R.C. 2725.04 as follows:
 "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 "(C) The place where the prisoner is so imprisoned or restrained, if known;
 "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
On the record before this court Petitioner has failed to designate the proper person by whom he is so confined. The named Respondent, Russ Lamping, is admittedly a supervisor for the adult parole authority. He does not have physical custody of the Petitioner, which is a requirement for consideration of the writ. Secondly, Petitioner has failed to attach copies of his commitment papers to his petition, a violation of R.C. 2725.04(D). We note that although paragraph 19 of Petitioner's petition avers compliance with the statute and that the "commitment papers are unavailable but readily within the Court's original jurisdiction and good cause shown as pro-se attempts are lodged," such statement is not in compliance with established law. In a similar case addressing a claim of unconstitutional revocation of parole for a mentally ill individual whose illness was the alleged cause of parole violation, the Ohio Supreme Court stated in Bloss v.Rogers (1992), 65 Ohio St.3d 145:
 "The court of appeals reached the correct conclusion when it dismissed appellant's complaint for failure to comply with R.C. 2725.04(D). These commitment papers are necessary for a complete understanding of the petition. Without them the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application. In re Petition for Writ of Habeas Corpus of Wells (Jan. 27, 1984), Lucas App. No. L-84-015, unreported, 1984 WL 4214."
This court is cognizant that Petitioner had filed a companion habeas corpus complaint against the Sheriff of Mahoning County, Ohio, challenging an increase in his bail. That case was assigned case number 99 C.A. 48. In dismissing that case this court held that a delay in holding a parole revocation hearing was not unreasonable when Petitioner was awaiting disposition of a felony charge and that the modification of bail was appropriate based on police officers' testimony at the preliminary hearing as well as the fact that a parole holder had been lodged against Petitioner. Subsequent to that decision, we note that on August 31, 1999, the trial court, on the underlying felonies, granted a motion to release Petitioner on recognizance bond.
For the reason that Petitioner has failed to name in this proceeding the proper party Respondent in whose custody he remains and has further failed to attach copies of the commitment papers, we dismiss this petition for writ of habeas corpus.
Petition dismissed. Costs taxed against Petitioner.
Final order. Clerk to serve a copy of this order on all counsel and
 Mr. Vincent Rhodes #A195-731 Noble Correctional Institution 15708 State Route 78W Caldwell, Ohio 43274.
 ___________________ JUDGE GENE DONOFRIO
 _________________________ JUDGE JOSEPH J. VUKOVICH
 _____________________ JUDGE CHERYL L. WAITE